**CIVIL RIGHTS COMPLAINT**
**42 U.S.C. § 1983**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ OCT 17 2016 ★
LONG ISLAND OFFICE

---------------------------------------------x

Marshall Hubsher CC# 16001959
Full name of plaintiff/prisoner ID#

Plaintiff,

JURY TRIAL DEMAND
YES ✓ NO ____

-against-

(1) Nassau County
(2) Armor Correctional Health Services
(3) Sheriff Sposato as official of Nassau County Jail, and the individual Michael Sposato
(4) Dr. C. Marcos

**CV 16 5842**

Enter full names of defendants
[Make sure those listed above are identical to those listed in Part III.]

SEYBERT, J.
LINDSAY, M.J.

Defendants.

---------------------------------------------x

I. Previous Lawsuits: Section 28 USC § 1331 and 1343 (a) 3 give Federal Court jurisdiction over 42 USC § 1983

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiffs: ______________________

Defendants: ______________________

2. Court (if federal court, name the district; if state court, name the county)

______________________

3. Docket Number: ______________________

4. Name of the Judge to whom case was assigned: ______________

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?)

______________

6. Approximate date of filing lawsuit: ______

7. Approximate date of disposition: ______________

II. Place of Present Confinement: Nassau County Correctional Center

A. Is there a prisoner grievance procedure in this institution? Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (✓) No ( )

C. If your answer is YES,

1. What steps did you take? I sent in a grievance on every malpractice issue and every misconduct perpetrated by the jail

2. What was the result? Every grievance was denied, appealed, denied, again appealed to the highest level-Citizen's Policy and complaint Review Council and denied again.

D. If your answer is NO, explain why not ______________

~~E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No ( )~~

F. If your answer is YES,

1. What steps did you take? ______________

2. What was the result? ______________

III. Parties:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff Marshall Hubsher

Address Nassau Correctional Center 100 Carman Ave, East Meadow, NY 11554

(In item B below, place the full name and address of each defendant)

B. List all defendants' names and the addresses at which each defendant may be served. Plaintiff must provide the address for each defendant named.

Defendant No. 1 Nassau County c/o Carnell Foskey
1 West St
Mineola, NY 11501

Defendant No. 2 Armor Correctional Health Services
100 Carman Ave
East Meadow, NY 11554

Defendant No. 3 Sheriff M. Sposato, Michael Sposato
100 Carman Ave
East Meadow, NY 11554

Defendant No. 4 Dr C. Marcos MD
100 Carman Ave
East Meadow, NY 11554

Defendant No. 5 ______

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

IV.. Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)

(1) On 6/21/16, in the Recreation Yard from D building, at 12:15 PM, I was assaulted by another inmate knocking my tooth out and causing right facial paralysis. I was in Protective Custody and should not have been taken to the Recreation Yard with Non PC inmates, according to the Nassau jail rules. I was admitted to Nassau University Medical Center on 6/24/16 with facial paralysis on my right face where I was punched three times, severe headache, ministroke and angina and high blood pressure, which I never had before. My Eighth Amendment rights, "freedom from violence", causing "serious harm" and "putting me at risk" were violated.
I was slashed with a razor blade by a non-PC inmate previously, but could not report it for fear of being killed.
I was assaulted again on 7/2/16 by a Non-PC inmate. Internal Affairs took a report from me on the 6/21 assault, and slashing. contd

IV. A If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

Sec. IV Fully described injuries due to being attacked in Rec Yard - losing Tooth and having ministroke - received medical treatment at Nassau University Hospital. Sent to hospital several times as described in IV due to ministrokes which could have been prevented by adequate medical care.
Armor Health and Dr Marcos caused my bladder and kidney infection.
All other injuries and medical treatment described in IV

① It is against Jail rules to allow PC inmates mix with gen. population inmates
④ Cont'd - There have been frequent threats by Non-PC inmates to "kill" me, "slash" me, "rape" me, verbally and by notes slipped under my door. Nothing is done when I tell a corporal about the notes.
③ There was "wanton ~~indifference~~ infliction of pain through deliberate indifference of prison officials"
② Since 3/25/16, Friday, there has never been a rabbi to conduct Jewish services, nor has a rabbi ever come to my cell to conduct a Jewish service or pray with me. Even on holidays of Passover and Rosh Hashanah a rabbi was denied to me, recently 10/2/16 and 10/3/16
The handbook of Nassau Jail states Jewish services will be held every Friday morning at 9:00 a.m. There has never been a service. I was told, and a rabbi was told, that there is "no available room for a Jewish service." This is not true and it is discriminatory because there is a big room with many benches for Catholic services and Protestant services with a pastor or priest leading each service.
My First Amendment rights were violated "freedom of religion and the right of "exercising the right to assemble" with other Jewish inmates, especially on the Holydays of Rosh Hashana 10/2/16 & 10/3/16 and Yom Kippur 10/10/16
My 14th Amendment rights were violated, Nassau Jail "discriminated against my Jewish religion"
In addition my Kosher food was denied me from 3/21/16 Through 3/27/16. I could only eat salad and bread & lost 7 lbs.
In May, Kosher food was again denied to me for 8 days

during which I lost another 7 lbs. Nassau Jail Knew I could not eat non-kosher food and showed "deliberate indifference" causing "wanton infliction of pain", violating my Eighth Amendment rights. There was serious "deprivation of a basic human need" for food. On Oct. 2 2016 and 10/3/16 Jewish inmates were not allowed to assemble for Jewish New Year.

(3) The Nassau County Sheriff's Dept, Correctional Center Inmate Handbook states "All inmates will be issued two uniforms". I was issued only one uniform, but I asked the C.O's every week for a 2nd uniform but never received a 2nd uniform in the 6½ months I have been in Nassau Jail. I could not give my only uniform to the laundry because I always had to wear my uniform to go to medical, or visiting or anywhere. This one uniform became filthy, dirty and smelled of urine and caused an infection in my catheter for which I was given bactrim and cipro, both of which did not cure the infection. This lack of a clean uniform is unquestionably a serious deprivation of a basic human need for clean clothing violating my Eighth Amendment rights.

(4) On 6/30/16, the light switches over the inmates beds were removed on orders of the sheriff. I am on the medical floor and need light to clean my suprapubic catheter and to walk to the toilet to empty my urine bag. The ceiling light goes out at 9:45 PM; at 11:30 PM on 6/30 I had to empty my urine bag and change bags. I was in total darkness and could not see without a light to put on. I tripped on my bin on the floor and fell hard on the floor, injuring my already

damaged unstable spine and causing paralysis in my left leg. I have fallen several times since 6/30/16, after 9:45 PM when the cell is totally dark. A medical floor has always had light switches over inmates' beds so they don't have accidents at nights. This is another violation of my Eighth Amendment rights and is a serious depriration of the basic reasonable need of "reasonable safety". This is "wanton infliction of pain through deliberate indifference of prison officials," namely Sheriff Michael Sposato.

(5) On my medical floor, every cell has an intercom to the nurse in case of medical emergencies. However, officers of the Nassau Jail disconnected the intercom, going from the cell to the nurse, in every cell. I had medical emergencies on 7/27/16 and 8/2/16 in which I was very dizzy and weak and about to faint and I could not call the nurse on the intercom which was disconnected and could not get the attention of an officer. I fainted both times once hitting my head on the toilet. The intercom, if it was working, could have brought the nurse quickly and would have prevented my falls, causing head and back injury and more severe leg weakness

(Eighth Amendment Violation)

(6) On ~~8/8~~ or about 8/18/16, I was forced to be in a 4 man cell which was very unsanitary and unsterile for my suprapubic catheter and urine bag connection, even though the jail physician told the corporal I should have

my own cell to keep my catheter and urine bag free of bacteria. I was also forced to shower with other inmates and had to change urine bags and clean catheter in front of my 3 other cellmates, having no privacy. The other cellmates often accidentally brushed against my urine bag and catheter hanging on the side of the sink or side of my bed causing infection in my catheter and bladder. Nassau Jail put me at increased risk for infection and harm to my bladder in violation of my Eighth Amendment rights.

7. On July 7, 8, and 9th, 2016 my medical floor was "locked down" due to a disturbance in the satellite Jail, almost a half mile away! I could not receive most of my medical treatment during these 3 days, causing another infection in my suprapubic catheter and bladder, causing bloody, cloudy, smelly urine. Also I was not allowed to call my attorney for the 3 days causing a delay in filing a motion for me. A medical floor should never be locked down for a disturbance in a different building. It's dangerous to inmates with medical problem. There have been many other lockdowns since 7/9/16. The Sheriff, Michael Sposato ordered these lockdowns causing serious harm and serious risk of harm and put me at increased risk of infection and damage to my bladder, in violation of my Eighth Amendment rights. My First Amendment rights were violated because during

"lockdown" I am not allowed to make any phone calls to, or have any visits from anyone, even my lawyer, even though the disturbance was in another building far away from my medical floor.

(8) On March 21, 2016, when I entered the jail, I was taking high doses of oxymorphone and the fentanyl patch since I had neurosurgery on my spine to clean out a MRSA infection in a disc and remove the disc, 3/11/15. These high doses of painkillers were necessary to control my severe pain. When I came to the medical floor on 3/21/16, Dr Marcos, of Armor Health abruptly <u>stopped</u> all my pain medication and gave me no substitute. I could not take motrin due to my severe kidney disease. For the next 3 weeks I went into <u>severe</u> withdrawal from the hydromorphone and fentanyl, with symptoms of vomiting, nausea, diarrhea, "crawling skin", sweating, headache, and seizures. I should have been given <u>suboxone</u> to prevent these severe withdrawal symptoms, or I should have been able to continue my prescribed medication. Also since all my pain medication was stopped, I have been in constant, severe, <u>excruciating</u> pain in my back for <u>the past 6½ months</u>. I have not been able to sleep more than one or two hours per night due to my back pain. I have been offered Motrin for my pain, but Dr Marcos knows I have kidney disease and that I cannot take motrin, which would not

alleviate my pain anyway. Forcing me to tolerate severe withdrawal symptoms, and Forcing me to experience severe, excruciating pain every day, all day, and depriving me of sleep is "cruel and unusual punishment"; and this "wanton infliction of pain through deliberate indifference by Dr Marcos and Armor Health, is a violation of my Eighth Amendment rights, and is malpractice.

(9) Dr Marcos, working for Armor Health, directly caused my severe, First urinary and bladder infection, starting 4/6/16, by not allowing me to clean the catheter connections with alcohol or peroxide each day, and also by refusing to allow me to see a urologist for the first 3 1/2 weeks after I entered the jail, to change my suprapubic catheter, before an infection started. When I first entered the jail I told Dr marcos on 3/21/16 that I needed to have my catheter removed and changed within one week because I must change my catheter every 4 weeks; the last time I changed my catheter was 2/22/16. But the catheter was changed approximately 4/18/16, about two weeks too late, after my bladder and catheter were already infected. Dr Marcos has refused to allow me to clean my catheter connections with peroxide or alcohol. My catheter was again replaced on 7/29/16 and should have been changed again on or about 8/21/16. I did not see the urologist until 9/26/16, 8 1/2 weeks later! I developed a worse infection on or about 9/6/16, with bloody, smelly, cloudy urine.

Dr Marcos and Armor Health caused me serious harm to my bladder and kidneys and were indifferent to my needs and deprived me of necessary medical care, in violation of my Eighth Amendment rights. The constant bleeding in my urine caused my hemoglobin to go down to 10.0, very low, causing constant weakness, shortness of breath, and fatigue. I asked to see a hematologist, every week, to either give me a blood transfusion or Epotin (Erythropoeitin). I was always refused.

(10) When I came to the Nassau Jail, I told Dr Marcos I had a severe MRSA infection in my spine for which I needed neurosurgery to remove the infection and my spinal disc. on 3/11/15, The neurosurgeon said because of destroyed disc my spine is very unstable. I stayed in bed at North Shore Univ Hospital for one month, and then transferred to North Shore U. Rehab center, (Stern Rehab) for 6 weeks where I was in a wheelchair, and then went to Lake Shore Rehab Center from 5/20/16 to 7/25/16 where I used a walker. Since then I was told by Dr Latefi, my neurosurgeon, and Dr Mauri, my orthopedist, to always use a walker to prevent falls and to take pressure off of my spine. Because if I fell, my "unstable spine could break and sever my spinal cord and I would be paralyzed."

I used my walker everyday and brought my walker into the jail on 3/21/16. I used it and needed it everyday until suddenly, on or about 7/7/16, without

explanation, Dr Marcos took away my walker and gave me a cane instead!! My walker was very stable and kept me from falling, while the cane is not stable at all. I have fallen 5 times since my walker was taken away. Also, I have been in even more severe back pain without my walker, because the walker also took pressure off my spine relieving some pain while I walk. The falls have caused me more severe left leg paralysis, more severe back pain and severe headaches. In two of the falls, I also hit my head on the wall and toilet, respectively, causing weakness in my left arm as well as severe headaches.

My orthopedist and neurosurgeon ordered me to always use my walker as a preventative measure to prevent falls. The last fall I had, on 9/18/16, at about 11pm, I hit my head and was unconscious for a minute and a half until my cellmate woke me. The next morning the doctor called 911 because I was having a ministroke. I was in ICU for 2 days and medical floor of the hospital for one day. A CAT scan showed it was not a major stroke. I had left facial paralysis and left side weakness and numbness. The lack of a walker has also caused swelling in my legs.

Dr Marcos took my walker away without "procedural due process" violating my 14th Amendment rights. Taking away my walker caused me "serious harm"

"deprivation of my basic medical need" for ~~my~~ walker. Dr Marcos caused the "infliction of pain through deliberate indifference" of my medical needs.

(11) On June 24, 2016, I was seen by a urology resident at Nassau University medical center, who inserted a new suprapubic catheter into my bladder. The catheter had a too large (30cc) balloon holding the catheter in my bladder, instead of the correct 5cc balloon. The large balloon, filled with water caused constant pain in my bladder, and a feeling of having to urinate constantly, especially when I tried to lie down. I could not sleep, and developed another severe infection, causing blood in my cloudy, smelly urine. I told Dr Marcos or a nurse everyday of my pain and suffering, but Dr Marcos stated "I don't believe you". She should have sent me back to the urologist to correct or change my catheter to the correct size balloon, 5cc, and to treat my infection, but Dr Marcos did not want the extra expense of sending me to a urologist. I was in excrutiating pain for 6 weeks before I was finally sent to the urologist who confirmed that the catheter that he took out of my bladder was 30 cc and much too large. He replaced it with a correct 5 cc catheter. This malpractice was another "wanton infliction of pain by Dr Marcos through deliberate indifference," and violated my Eighth Amendment rights.

(12) On 9/18/16 at about 11pm, I fell in my bathroom, hit my head and fell to the floor. I did not have my walker to stabilize me, only the cane which was very unstable. I was unconscious about 1½ minutes according to my cellmate, Charlie, who woke me up from unconsciousness. The nurse was called who brought me by wheelchair to the trauma room. I told the supervising nurse that my left face was numb and I had a severe headache. She should have called the physician on call, since I had lost consciousness, and my face was numb, but she didn't call the physician but instead sent me back to my cell and to sleep! If she had called the physician, he would have told the nurse to give me aspirin to prevent any ministroke, or even to send me to the ER since I was unconscious and had facial numbness and paralysis. I could only sleep for one hour due to my severe headache. When I tried to get out of bed in the morning 9/19 my whole left side was numb and weak! I was brought to the trauma room and Dr Marcas was called. She saw I was unresponsive to her, and saw my facial paralysis and she called 911 to take me to the ER to treat my ministroke. From the ER I was admitted to the ICU for two days, given oxygen for my breathing problem and IV's and blood thinners and treated for my ministroke. The neurologist prescribed Zocor and aspirin on an ongoing basis to prevent any more ministrokes. The nurse who saw me 9/18/16 at about 11:15 pm, and took

my accident report for my Fall in the bathroom, committed malpractice by not calling the physician on call who would have sent me to the ER if he heard I had been unconscious, or would have told the nurse to give me aspirin to prevent a ministroke until the physician came to see me. My ministroke on 9/19/16 in the morning could have been prevented by the correct action of the nurse, employed by Armor Correctional Health. This medical malpractice was a "wanton infliction of pain through deliberate indifference" and caused me "serious harm and put me at serious risk". This malpractice was an "unquestioned and serious deprivation of my basic human need for adequate medical care". As a result of my ministroke I have left "foot drop".

(13) Dr Marcos acknowledges that I have a deteriorated unstable spine due to the MRSA infection in my back in March, April, May 2015. Dr LaTefi, my neurosurgeon, recommended surgery, rod and screws, to stabilize my spine and prevent paralysis. I asked Dr Marcos many times to see an orthopedist for my severe back pain and to either perform surgery required for my unstable spine or treat my very painful unstable spine. Dr Marcos, under Armor's direction always refused, causing me to suffer in pain for 6½ months. Dr Marcos acknowledged that I had Kidney disease, when I entered jail on 3/21/16. My Kidney disease was made worse by the infection in my bladder caused by Dr Marcos not sending me to the urologist to change my catheter.

My creatinine level rose to 3.8, very high! I asked to see a nephrologist many times to receive possible dialysis or treatment. Dr Marcos always refused. I needed to see a hematologist for my abnormally low hemoglobin, 10.0, for a transfusion or Epotin treatment, but Dr Marcos always refused, even though I was always short of breath, fatigued, and weak; this low hemoglobin possibly caused me to have a ministroke, according to doctors at NUMC. I was admitted to Nassau Univ Medical Center in April 2016 for severe angina. I was treated and released, but cardiologist told me to come back as an outpatient for a stress test and cardiac catheterization to see where my arteries were narrowed. I asked Dr Marcos many times to see a cardiologist but she always refused, even though I continued to have chest pains. The refusal to send me to these medically necessary specialists is not only medical malpractice, but also a "wanton infliction of pain through deliberate indifference" and a "deprivation of my basic medical needs," and violates my Eighth Amendment rights.

(14) On or about 7/27/16, I was given Norvasc and hydralazine even though my blood pressure was already low. Three hours later at about 12:15 pm, I felt very lightheaded and fell to the ground unconscious. I was taken to the nurse and doctor who recorded my blood pressure at 100/55, very low! But they just sent me back to my cell, instead of sending me to the hospital for an MRI or CAT scan, since I hit my

head on the pavement and had Facial numbness and paralysis, and a headache. Later that day I felt weak and dizzy but the nurse did nothing. Due to the facial paralysis and headache I probably had a ministroke, (Transient Ischemic Attack or TIA) but was not sent to the ER, or for an MRI. The nurse mistakenly had given me 2 antihypertensive medications, norvasc and hydralazine, even though my blood pressure had been in the normal range. This sequence of medical mistakes was again an "infliction of pain through deliberate indifference" by the nurses and doctor violating my Eighth Amendment rights of basic medical care.

(15) Cold Air has been pumping into my cell since 9/26/16 and into the Dayroom so that the room temperature is below 55° all day and night. I am given only one blanket and I can not sleep due to the cold air. I have been having a runny nose and sore throat and ear congestion due to the cold air blowing into my Face. I've complained everyday to the corporals to either give me an extra blanket or call maintenance to turn off the cold air. The corporals refuse, violating my Eighth Amendment rights of the "basic human need of warm shelter" and causing the "wanton infliction of pain through deliberate indifference" to my needs. Sheriff michael sposato is causing me "cruel and unusual punishment.

V. Relief:

State what relief you are seeking if you prevail on your complaint. Numbers correspond to IV

(1) $650,000 (10) $400,000
(2) $200,000 (11) $150,000
(3) $100,000 (12) $300,000
(4) $200,000 (13) $700,000
(5) $200,000 (14) $100,000
(6) $200,000 (15) $100,000
(7) $200,000 Total Compensatory Damages = $4,700,000
(8) $600,000
(9) $600,000

I declare under penalty of perjury that on 10/13/16 (Date), I delivered this complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York.

Signed this 13 day of October, 2016. I declare under penalty of perjury that the foregoing is true and correct.

Marshall Huboken
Signature of Plaintiff

Nassau Correctional Center
Name of Prison Facility

100 Carman Ave
East Meadow, NY 11554
Address

CC# 16001959
Prisoner ID#