```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARSHALL HUBSHER,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     16-CV-5842(JS)(ARL)

NASSAU COUNTY; ARMOR CORRECTIONAL
HEALTH SERVICES; MICHAEL SPOSATO,
Sheriff Sposato as Official of
Nassau County Jail and the
individual; and Dr. C. MARCOS,

                    Defendants.
----------------------------------X
```

APPEARANCES

For Plaintiff:      Marshall Hubsher, pro se
                    16-R-2681
                    Mid-State Correctional Facility
                    PO Box 2500
                    Marcy, New York 13403

For Defendants:
Nassau County and
Sheriff Sposato     Dale Nicholson McLaren, Esq.
                    John J. Doody, Esq.
                    Lewis, Brisbois, Bisgaard & Smith LLP
                    77 Water Street, 21st Floor
                    New York, New York 10005

                    Liora M. Ben-Sorek, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, New York 11501

Armor Correctional
Health Services
And Dr. C. Marcos   Dale Nicholson McLaren, Esq.
                    John J. Doody, Esq.
                    Lewis, Brisbois, Bisgaard & Smith LLP
                    77 Water Street, 21st Floor
                    New York, New York 10005

SEYBERT, District Judge:

Plaintiff Marshall Hubsher, proceeding pro se, is an inmate at the Nassau County Correctional Center. He filed this lawsuit under 42 U.S.C. § 1983 alleging claims for unconstitutional conditions of confinement. Defendants Nassau County and Sheriff Michael Sposato (collectively, the "County Defendants") have moved to dismiss the Complaint. (Docket Entry 19.) Plaintiff moves to strike their reply papers and requests leave to file an Amended Complaint. (Docket Entries 38, 53.) For the following reasons, the County Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. The Court DENIES Plaintiff's motion to strike but GRANTS Plaintiff's request for leave to amend.

## BACKGROUND[1]

In the summer of 2016, Plaintiff was frequently assaulted by fellow inmates and sustained several injuries, including right facial paralysis. (Compl., Docket Entry 1, at 4, ¶ IV.) The crux of his Complaint is that the County Defendants ignored threats of violence and then interfered with his medical treatment. (Id. at 6-7, ¶ 4.) To make matters worse, the County Defendants also infringed on his ability to participate in Jewish

---

[1] The Court presents the few facts necessary to resolve these motions. In doing so, the Court accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

2

services. (Id. at 5, ¶ 2.) For more context, his sprawling allegations state that the County Defendants: (1) housed Plaintiff, a protective-custody inmate, with the general population, (id. at 4, ¶ IV; 5, ¶ 1); (2) prevented kosher meals and Jewish services, (id. at 5, ¶ 2); (3) issued one handbook, not two as required by jail policy, (id. at 5-6, ¶ 3); (4) removed light switches on the medical floor, which hindered his ability to read and to remove his catheter, (id. at 6-7, ¶ 4); (5) disconnected the intercom between the medical housing area and the nurse's office, (id. at 7, ¶ 5); (6) improperly placed him in a four-man cell, (id. at 7-8, ¶ 6); (7) instituted unjustified lockdowns that worsened his medical condition, (id. at 8-9, ¶ 7); and (8) allowed the cell temperature to drop to 55 degrees and ignored requests for an extra blanket, (id. at 17, ¶ 15). (Cf. Cty. Br., Docket Entry 20, at 2 (summarizing the allegations).)

Plaintiff filed this lawsuit against the County Defendants, among others, on October 17, 2016.[2] Soon after, the Court granted Plaintiff's motion to proceed in forma pauperis. (Docket Entry 9.) Plaintiff contends that the County Defendants violated his First, Eighth, and Fourteenth Amendment rights. Assuming personal involvement or supervisor liability, as

---

[2] Plaintiff's lawsuit includes allegations against other defendants. Because those defendants are not relevant to this Memorandum and Order, the Court discusses only those facts that relate to the County Defendants.

3

explained below, the Court construes four potential claims against Sheriff Sposato: (1) conditions-of-confinement claim under the Eighth Amendment, (Compl. at 8-9, ¶ 7); (2) violation of his rights to visitation or to make telephone calls under the First Amendment, (id. at 5, ¶ 2); (3) due process claims of deliberate indifference to Plaintiff's safety under the Eighth Amendment, (id. at 17, ¶ 15); and (4) religious liberty claim under the First Amendment, (id. at 5, ¶ 2). The Court also construes a nondescript municipal liability claim against Nassau County. (Id. at 4, ¶ IV; 5 ¶ 1.)

Three motions are pending before the Court. The County Defendants move to dismiss the Complaint (Docket Entry 19); Plaintiff moves to strike their reply papers as untimely (Docket Entry 38); and Plaintiff requests for leave to file an amended complaint (Docket Entry 53).

## DISCUSSION

### I. Plaintiff's Motion to Strike

To begin, Plaintiff moves to strike the County Defendants' reply papers as untimely. On January 12, 2017, the Court ordered the County Defendants to file their reply papers by March 27, 2017. (See Jan. 12, 2017 Electronic Order.) On February 10, 2017, the County Defendants sought an extension of time to file their reply, (Docket Entry 18), which was denied by Electronic Order dated February 24, 2017; their reply was not filed until June 9, 2017 (Docket Entry 37). The County Defendants offer

4

no explanation for their untimeliness; instead, they argue that "there is no statutory mechanism to 'strike' part of a motion on the grounds of untimeliness" and "Plaintiff has not been prejudiced." (Cty. Defs.' July 2017 Ltr., Docket Entry 41, at 1.) Despite the County Defendants' lackluster response, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). Plaintiff asserts that he was prejudiced because the County Defendants barred him from the law library after they learned of his lawsuit. (Pl.'s Aug. 2017 Ltr., Docket Entry 50, at 1.) If Plaintiff elects to file an Amended Complaint, as discussed below, he can include allegations concerning the law library. Otherwise, since the parties were "fairly and adequately apprised of the nature and basis of the application," the Court will consider the County Defendants' reply papers. See Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., No. 10-CV-0347, 11-CV-3966, 2013 WL 5725987, at *2 (E.D.N.Y. Oct. 21, 2013).

II. The County Defendants' Motion to Dismiss

Section 1983 prohibits "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under the color of state law. 42 U.S.C. § 1983. But Section 1983 does not create substantive rights; instead, it provides a procedure to vindicate rights established elsewhere.

5

Patterson v. Cty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

Before turning to the various claims, the Court will address two procedural matters: (1) whether Plaintiff exhausted his claims under the Prison Litigation Reform Act ("PLRA") and (2) whether he filed a notice of claim for any state-law claims.

First, a would-be litigant must exhaust his administrative remedies to assert his claims in federal court. 42 U.S.C. § 1997e(a). The PLRA provides that a prisoner may not assert a claim "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." Id. This requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002). The purpose of this rule is "to reduce the quantity and improve the quality of prisoner suits," thereby "afford[ing] corrections officials time and opportunity to address complaints

internally before allowing the initiation of a federal case." Id. at 524–25, 122 S. Ct. at 988. Because failure to exhaust is an affirmative defense, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). But courts may dismiss a complaint when, "'on the face of the complaint, it is clear that a plaintiff did not exhaust administrative remedies.'" Abreu v. Schriro, No. 14-CV-6418, 2016 WL 3647958, at *8 (S.D.N.Y. July 1, 2016) (quoting Williams v. Dep't of Corr., No. 11-CV-1515, 2011 WL 3962596, at *5 (S.D.N.Y. Sept. 7, 2011)). Because Plaintiff asserts that he completed the grievance process, (Compl. at 2, ¶ II.B), the Court need not resolve the exhaustion issue at this stage, McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003) ("[I]f, as is usually the case, it is not clear from the face of the complaint whether the plaintiff exhausted, a Rule 12(b)(6) motion is not the proper vehicle.").

Next, a plaintiff must file a notice of claim before bringing any tort claims against a municipality or one of its employees. N.Y. GEN. MUN. LAW § 50-e. This requirement "appl[ies] equally to state tort claims brought as pendent claims in a federal civil rights action," Warner v. Vill. of Goshen Police Dep't, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003), and the plaintiff bears the burden "to demonstrate compliance with the [n]otice of [c]laim

7

requirement," Horvath v. Daniel, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006). Failure to do so "ordinarily requires dismissal." Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62, 484 N.Y.S.2d 533, 535, 473 N.E.2d 761, 763 (1984). Here, Plaintiff has not explicitly pled any state-law claims, and it is unclear whether he filed a timely notice of claim. Thus, the Court need not address whether the public-interest exemption would allow state-law claims to move forward. See Mills v. Monroe Cty., 59 N.Y.2d 307, 308, 464 N.Y.S.2d 709, 709, 451 N.E.2d 456, 456 (1983).

A.  Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the plaintiff need not provide "detailed factual allegations" to support his claims, Twombly, 550 U.S. at 555-56, 127 S. Ct. at 1964, Rule 12(b)(6) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Pro se submissions, like those from Plaintiff, require flexible construction, and so the Court must interpret them "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). This is especially true when, as here, the Complaint "allege[s] civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). But this leeway does not excuse Plaintiff "'from compl[ying] with relevant rules of procedural and substantive law.'" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. Nov. 1981)).

B. Claims Against Sheriff Sposato

1. Official-Capacity Claims

"'Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant.'" Reid v. Nassau Cty. Sheriff's Dep't, No. 13-CV-1192, 2014 WL 4185195, at *11 (E.D.N.Y. Aug. 20, 2014) (quoting Phillips v. Cty. of Orange, 894 F. Supp. 2d 345, 384 n.35 (S.D.N.Y. 2012)). That is because "'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" Id. (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)) (brackets omitted). Thus, Plaintiff's Section 1983 claim against Sheriff

9

Sposato is DISMISSED WITH PREJUDICE, as it is "duplicative of the Monell claims against the [municipality]." Canzoneri v. Inc. Vill. of Rockville Centre, 986 F. Supp. 2d 194, 205 (E.D.N.Y. 2013).

    2.  Individual-Capacity Claims

To establish individual liability, a plaintiff must allege a defendant's personal involvement in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). Personal involvement can be shown through direct participation or through a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." See Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003).

In his opposition brief, Plaintiff contends that "Sheriff Sposato's official policy of cutting costs is the direct cause of all . . . claims." (Pl.'s Br., Docket Entry 24, at 5.) But the body of the Complaint mentions Sheriff Sposato for only three allegations: (1) the inadequate lighting, (2) the unjustified lockdowns, and (3) the 55-degree cell temperature.[3]

---

[3] To be sure, Plaintiff's opposition brief alleges that Sheriff Sposato refused to spend money on Jewish services, saying "there

(Compl. at 6-7, ¶ 4; 8-9, ¶ 7; 17, ¶ 15.) The Court will address the first two allegations below because Plaintiff explicitly asserts Sheriff Sposato's personal involvement.[4] As for the 55-degree cell temperature, Plaintiff states, flatly and without more, that "Sheriff Michael Sposato is causing me cruel and unusual punishment." (Compl. at 17, ¶ 15.) As with most of his points, Plaintiff complained to unnamed corporals, not Sheriff Sposato, and fails to provide any facts indicating how he was actually involved. These bare-bones allegations cannot withstand a motion to dismiss. See Davis v. Cty. of Nassau, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005) ("A complaint that essentially regurgitates the relevant 'personal involvement' standard, without offering any facts indicating that, or how, an individual defendant . . . was personally involved in a constitutional violation, cannot withstand dismissal.").

---

was no room." (Pl.'s Br. at 5-6 (internal quotation marks omitted).) But the Court will not consider the plausibility of these allegations because a plaintiff cannot amend a complaint by adding new facts and theories through motion papers. Guo v. IBM 401(k) Plus Plan, 95 F. Supp. 3d 512, 526 (S.D.N.Y. 2015).

[4] Even though Plaintiff filed "a grievance on every malpractice issue and every misconduct perpetrated," (Compl. at 2, ¶ II.C.1), he does not allege that Sheriff Sposato received each one, and even if Sheriff Sposato did, that is not enough to establish personal involvement. Mateo v. Fischer, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010); Ramsey v. Goord, No. 05-CV-0047, 2005 WL 2000144, at *8 (W.D.N.Y. Aug. 13, 2005) ("[T]he fact that a prison official in the prison 'chain of command' affirms the denial of an inmate's grievance is not enough to establish the requisite personal involvement of that official.") (citations omitted).

11

As a fallback, Plaintiff alleges that "Sheriff Michael Sposato is the representative lawmaker for Nassau County Jail, appointed by Nassau County." (Pl.'s Br. at 5.) It is a general rule, of course, that a supervisory official who was not personally involved in the alleged constitutional violation may still be held liable if he "[1] created a policy or custom under which unconstitutional practice[ ] occurred, or [2] allowed the continuance of such a policy or custom." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). But the Complaint does not allege any facts that create an inference that Sheriff Sposato maintained a policy, for example, of preventing Jewish services or mixing protective-custody inmates with the general population. See Pierce v. Chautauqua Cty., No. 06-CV-0644, 2007 WL 2902954, at *4 (W.D.N.Y. Sept. 28, 2007) (dismissing supervisory-liability claim because "plaintiffs have not alleged factual evidence, outside of [the plaintiffs'] isolated incident, which would create an inference of a custom or policy created by [the sheriff]"). Thus, the Court will not consider any claims that fail to allege Sheriff Sposato's personal involvement or any policies created or continued by him. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) ("Supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." (internal quotation marks, brackets, and citation omitted)).

### a. Conditions of Confinement

Under the Eighth Amendment, Plaintiff contends that Sheriff Sposato removed light switches on the medical floor, which affected Plaintiff's medical treatment. (Compl. at 6, ¶ 4; 8, ¶ 7.) For a conditions-of-confinement claim to survive dismissal, a plaintiff must plausibly allege that: "'(1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety.'" See Washington v. Artus, --- F. App'x ----, 2017 WL 3911573, at *1 (2d Cir. 2017) (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). Assuming, without deciding, that Plaintiff plausibly alleged the objective element, he has failed to plausibly allege that Sheriff Sposato was deliberately indifferent to, let alone aware of, Plaintiff's medical needs. (Compl. at 6, ¶ 4; 8, ¶ 7.) Thus, his conditions-of-confinement claim is DISMISSED WITHOUT PREJUDICE.

### b. Right of Intimate Association

Under the First Amendment, Plaintiff argues that a three-day lockdown prevented him from making any phone calls or receiving any visitors. (Compl. at 8, ¶ 7.) "An inmate's right to visitation, communication, mail, packages, and telephone calls may be restricted if the restrictions employed are reasonably

13

related to penological interests--namely, security." Patterson v. Ponte, 16-CV-3156, 2017 WL 1194489, at *4 (E.D.N.Y. Mar. 30, 2017). Here, even with a "lenient eye" on his Complaint, Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998), Plaintiff has failed to plausibly allege that the lockdown was unreasonable, especially based on a nondescript "disturbance" at a satellite jail located less than a mile away. (Compl. at 8-9, ¶ 7.) Thus, his right-of-intimate-association claim against Sheriff Sposato is DISMISSED WITHOUT PREJUDICE.

    C.  Claims Against Nassau County

Generously construing his arguments, Plaintiffs contends that Nassau County violated his constitutional rights by, among other reasons, placing him, a protective-custody inmate, in general population. (Compl. at 4 ¶ 1; 5 ¶ 1.) As the Second Circuit made clear, a municipality like Nassau County cannot be held liable under Section 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servcs. of N.Y. City, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). For a Monell claim to survive a motion to dismiss, a plaintiff must plausibly allege an official policy or custom that caused an injury. Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008). A plaintiff can establish the existence of a municipal policy or custom by showing:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of policymaking officials; or (4) a failure by policy makers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with municipal employees.

Calicchio v. Sachem Cent. Sch. Dist., 185 F. Supp. 3d 303, 315-16 (E.D.N.Y. 2016).

"[A]lthough inmates rarely succeed in proving Eighth Amendment claims predicated on housing violent and non-violent inmates together, such claims typically survive motions to dismiss, at least when the plaintiff alleges that he suffered a resulting harm (as Plaintiff does here)". See Barreto v. Cty. of Suffolk, 762 F. Supp. 2d 482, 492 (E.D.N.Y. 2010). In other words, Plaintiff "has alleged enough to get a shot at proving it through the discovery process." Id. at 493. As a result, the Court DENIES the County Defendants' motion on the municipality liability claim.

III. Plaintiff's Request for Leave to Amend

Finally, Plaintiff seeks leave to amend his Complaint to offer a raft of new allegations. ((Pl.'s Br. at 7-10; Pl.'s Mot. to Amend, Docket Entry 53, at 2-8.) Pertinently, "[a] party may amend its pleading once as a matter of course within . . . 21 days

15

after serving it." Fed. R. Civ. P. 15(a)(1). Otherwise, the party requires "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Having far exceeded the 21-day window, Plaintiff cannot amend his pleading as a matter of course. Because the Defendants have neither written for nor against the amendment, the Court must consider whether filing an amended complaint is in the interests of justice. Gaton v. United States, No. 16-CV-3868, 2017 WL 4082310, at *2 (S.D.N.Y Sept. 13, 2017).

"In this Circuit, pro se complaints should not be dismissed by the district court 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Harnage v. Torres, 665 F. App'x 82, 84 (2d Cir. 2016) (quoting Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009)). Here, although some allegations lack specificity, the Complaint suggests that Plaintiff could possibly state a plausible claim. Thus, Plaintiff is GRANTED leave to file an amended complaint against Nassau County, Sheriff Sposato in his individual capacity, Armor Correctional Health Services, and Dr. C. Marcos. If Plaintiff does not know, and cannot ascertain the identities of other individuals at this time, he may identify them in the Amended Complaint as "John Does." Plaintiff is cautioned that an Amended Complaint completely replaces the original Complaint. Thus, all

16

claims and allegations Plaintiff wishes to pursue must be included in the Amended Complaint.

CONCLUSION

The County Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. (Docket Entry 19.) Only the municipal liability claim against Nassau County remains unless Plaintiff chooses to file an Amended Complaint. The Court DENIES Plaintiff's motion to strike the County Defendants' reply papers, (Docket Entry 38), but GRANTS Plaintiff leave to file an Amended Complaint consistent with this order, (Docket Entry 53). **Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 16-CV-5842(JS)(ARL).**

The Court declines to issue a certificate of appealability because the Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court also certifies that any appeal of this Order would not be taken in good faith, and thus his in forma pauperis status is DENIED for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se litigant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __28__, 2017
       Central Islip, New York